UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MIKHAIL KHURIN, individually and
on behalf of all other similarly situated persons,

                           Plaintiffs,

LIFE TRANSMED, INC., SAMUEL TREYBICH,
and BENJAMIN TREYBICH

                           Defendants.
-----------------------------------------------------------------X

**CV 13-3641**

**COMPLAINT**

**FLSA COLLECTIVE ACTION**

**JURY TRIAL DEMANDED**

WEINSTEIN, J.
GOLD, M.J.

      Plaintiff MIKHAIL KHURIN ("Plaintiff"), by and through his attorneys, on behalf of himself and all others similarly situated, alleges, upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

      1.     Plaintiff brings this action, on behalf of himself and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks, for himself and similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

      2.     Plaintiff also brings this action, on behalf of himself, to remedy violations of the New York State Labor Law, including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), and 12 NYCRR § 142-2.2. Plaintiff seeks, for himself, declaratory and injunctive relief, unpaid wages, unpaid overtime, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Jurisdiction of this Court over Plaintiffs' NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because at all relevant times hereto Defendants. maintained their places of business in, did business in, and accordingly resided in, this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

6. Plaintiff Mikhail Khurin ("Plaintiff") resides in the County of Richmond in the State of New York. Defendants employed Plaintiff as an ambulette driver, as described herein, from in or about May 2001 until May 2013.

7. Defendant LIFE TRANSMED INC. ("LIFE TRANSMED") is a New York State domestic business corporation with its principal office and place of business at 2667 Coney Island Avenue, Second Fl., Brooklyn, New York.

8. Defendant Samuel Treybich ("Samuel") is the owner, chairman/chief executive officer, manager and operator of Defendant LIFE TRANSMED. Defendant Samuel has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiffs and the FLSA Collective Plaintiffs.

9. Defendant Benjamin Treybich ("Benjamin") is the owner, principal executive officer, manager, and operator of Defendant LIFE TRANSMED. Defendant Benjamin has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiff and the FLSA Collective Plaintiffs.

10. Defendants grossed more than $500,000.00 in each of the last six calendar years, individually and collectively.

11. At all relevant times, Defendants have been, and continue to be, "employers", engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, each of the Defendants have employed "employee[s]", including Plaintiff, and each of the FLSA Collective Plaintiffs.

12. Defendants LIFE TRANSMED INC., Samuel Treybich and Benjamin Treybich are herein collectively referred to as "Defendants."

## FACTUAL ALLEGATIONS

13. Defendants operate an ambulette company based in Brooklyn, New York for the purpose of transporting people to and from medical appointments.

14. At all times relevant hereto, Defendants employed Plaintiff, and the FLSA Collective Plaintiffs, as drivers of its ambulettes.

15. Defendants assigned their drivers to transport individuals to and from medical facilities, including but not limited to hospitals and medical offices.

16. Defendants obtained revenues through billings to Medicaid, other government programs, and insurance companies.

17. Defendants scheduled their drivers to work 5 shifts per week, with each shift scheduled for 10 hours per day.

18. Plaintiff was typically assigned to work Monday through Friday from 8:00 AM until 6:00 PM, averaging approximately 50 hours per week.

19. Defendants agreed to pay Plaintiff and the FLSA Collective Plaintiffs an hourly rate of $13 per hour, for a total weekly wage of $650 for each 50-hour workweek.

20. Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime premiums of one and one half times their regular hourly rates of pay for all of the hours they worked in excess of 40 hours per week, in violation of the FLSA and NYLL.

21. Defendants illegally deducted monies from its drivers' paychecks for various work-related expenses, including but not limited to the dispatch radio required for receiving assignments and driving instructions. The radio cost $200 and was labeled as a "deposit," which was never returned to the Plaintiff.

22. Defendants regularly dispatched Plaintiffs and the FLSA Collective Plaintiffs to so many jobs that they were prevented from taking any uninterrupted meal breaks. Consequentially, employees were forced to regularly work through their lunch/meal breaks, eating in their assigned ambulettes while they worked.

23. Defendants failed to keep accurate and sufficient time records as required by Federal and State laws.

24. Upon information and belief, Defendants violated NYLL § 195(3) by failing to furnish Plaintiff with a statement reflecting each payment of wages, listing, among other things: hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

25. Defendants failed to provide Plaintiff with the notices required by NYLL §195(1).

26. Upon information and belief, Defendants violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions and net wages for each employee.

27. Upon information and belief, at all relevant times, Defendants failed to post and/or keep posted a notice explaining the overtime pay rights provided by the FLSA, in violation of 29 C.F.R. § 516.4.

28. As a result of Defendants' failure to record, credit, and/or compensate Plaintiff and the FLSA Collective Plaintiffs for the full amount of the hours they worked for Defendants, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation, of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

29. Defendants' record keeping and notice violations prevented Plaintiff and the FLSA Collective Plaintiffs from knowing their legal rights and from figuring out exactly how many hours they were not compensated for.

30. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff and other similarly situated employees of Defendants were not paid overtime premiums for all hours worked in excess of 40 hours in a week. Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiff and the FLSA Collective Plaintiffs, and that they violated the FLSA and the NYLL.

31. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs and the FLSA Collective Plaintiffs.

## **COLLECTIVE ACTION ALLEGATIONS**

32. Plaintiff brings the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants at any time as an ambulette driver, during the three years prior to the filing of the original Complaint in this case as defined herein. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs".

33. At all relevant times, Plaintiff and the FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek. The claims of Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

34. Other ambulette drivers currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other ambulette drivers to receive notice of the action and allow them to opt in to such an action if they so choose.

35. The First Claim for Relief is properly brought under, and maintained as an opt-in collective action pursuant to, §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## FIRST CLAIM FOR RELIEF

**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

36. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

37. Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

38. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

39. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

40. Because Defendants' violations of the FLSA have been willful, and because Defendants failed to post the notices required by the FLSA, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

## SECOND CLAIM FOR RELIEF

### (Failure to Pay Overtime – NYLL, Brought by Plaintiff on Behalf of Himself)

41. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

42. Under New York law, it is unlawful for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all overtime hours worked.

43. Defendants willfully, regularly, and knowingly failed to compensate Plaintiff at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

7

44. As a direct result of Defendants' unlawful conduct, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

45. Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

### (Improper Deductions – NYLL, Brought by Plaintiff on Behalf of Himself)

46. Plaintiff, on behalf of himself, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

47. Defendants violated § 193 of the NYLL by illegally deducting monies from Plaintiff's pay.

48. As a direct result of Defendants' unlawful conduct, Plaintiff has sustained damages including lost earnings, in an amount to be determined at trial.

49. Plaintiff seeks damages in the amount of his lost earnings, liquidated damages, pre-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (Notice Violations & Record Keeping & Wage Statement Violations – NYLL §195, Brought by Plaintiff on Behalf of Himself)

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51. Defendants have willfully failed to supply Plaintiff with notice as required by NYLL § 195, in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day,

8

week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

52.   Defendants have willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

53.   Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants $100 for each workweek that the violations occurred or continue to occur, or a total of $2,500, as provided for by NYLL § 198(1)-d, and $50 dollars for each workweek that the violations occurred or continue to occur, or a total of $2,500, as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, prays for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Designation of the Named Plaintiff as the FLSA Collective Representative;

(c) An award of damages, according to proof, including FLSA and NYLL liquidated damages, and interest, and the costs of this action, to be paid by Defendants;

(d) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(e) Pre-Judgment and post-judgment interest, as provided by law; and

(f) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

### JURY DEMAND

Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, demands a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: June 26, 2013         Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES

David Harrison (DH 3413)
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
(718) 799-9111 Phone
(718) 799-9171 Fax
nycotlaw@gmail.com
*Attorneys for Plaintiffs and the Proposed FLSA Collective Action Plaintiffs*

10